UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                               **MEMORANDUM OPINION AND ORDER**
                                                             Crim. No. 97-276 (02) (MJD)

Robert George Jefferson,

    Defendant.
_____

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Steven E. Wolter, Counsel for Defendant.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. Nos. 1773 and 1780.)

## I.   Background

On August 5, 1998, Defendant was convicted of multiple counts, including continuing criminal enterprise and the murder of five young children. Thereafter, Defendant was sentenced to life imprisonment on the continuing a criminal enterprise and the murder counts, and his conviction and sentence were affirmed on appeal. <u>United States v. Jefferson et al.</u>, 215 F.3d 820 (8th Cir. 2000) <u>cert. denied</u>, 531 U.S. 911 (2000).

1

Defendant now moves the Court for an Order granting him compassionate release.

## II.  Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

There is no dispute that Defendant has exhausted his administrative remedies.  Accordingly, the Court will proceed to the merits of Defendant's motion.

In addition to considering the factors set forth in § 3553(a), the Court also considers the applicable policy statement set forth in U.S.S.G. Section 1B1.13.

Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13[1].  This policy statement defines "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] Defendant challenges application of U.S.S.G. Policy Statement § 1B1.13 to his motion for release, arguing that it only applies to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  As Defendant noted, the Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, ___ F. Supp.3d ___, 2020 WL 3634513, at *2-3 (D. Minn. Jan. 2, 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant asserts that extraordinary and compelling reasons exist to warrant relief under § 3582(c).  First, he argues that COVID-19 is spreading in federal prisons because the conditions of confinement create an ideal environment for transmitting disease.  Next, he asserts that he suffers from the following medical conditions that are recognized as increasing his risk of serious health complications if he becomes infected with COVID-19:  Type I Diabetes, Obesity, Hypertension, Hyperlipidemia and calcification of arteries in the wrist.

In support of his motion, Defendant has submitted medical records which confirm he suffers from the above-listed conditions.  Those same records, however, show that Defendant receives regular medical appointments and has been prescribed medications to treat his medical conditions.  To be entitled to relief, Defendant must demonstrate that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  At this time, Defendant has failed to make such a showing.

The Court recognizes the seriousness of the risks Defendant faces in light of the COVID-19 pandemic, but also recognizes that the BOP has taken significant steps to protect the health of the inmates in its charge in light of that pandemic.  The Court further recognizes the number of confirmed active COVID-19 cases among inmates at Greenville FCI has risen recently. Nonetheless, Defendant has not demonstrated that he has been exposed to any person that has tested positive.

More importantly, however, the Court finds that a sentence reduction is not appropriate in this case because a reduction is not supported by the factors set forth in 18 U.S.C. § 3553(a).  Defendant was sentenced to a term of life imprisonment for the senseless murder of five young children, as well as attempted murder, assault with a dangerous weapon and for his involvement in a continuing criminal enterprise.  A sentence reduction would not adequately address the seriousness of the charges of conviction, nor would it protect the public from further crimes of Defendant, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (Doc Nos. 1773 and 1780) is DENIED.

Date: October 13, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court
