# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Robert George Jefferson,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 97-276 (2) (MJD)

---

Jeffrey S. Paulsen, Assistant United States Attorneys, Counsel for Plaintiff.

Defendant, *pro* se.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Section 404 of the First Step Act. [Doc. No. 1817]

## I.    Background

On August 5, 1998, a jury found Defendant guilty on 25 counts set forth in the Third Superseding Indictment, the most serious of which included engaging in a Continuing Criminal Enterprise ("CCE"), Conspiracy to Possess and Distribute Crack Cocaine and the Murders of Londwea Brown and the five young Coppage children.

At sentencing, the Court determined the applicable guideline range to be life in prison, based on a total offense level 43 and criminal history category V. He was sentenced to a term of life imprisonment on the CCE, conspiracy and murder counts. On appeal, the Eighth Circuit held that because Defendant was convicted on both the CCE and the conspiracy counts, the conspiracy count must be vacated on double jeopardy grounds. United States v. Jefferson, 215 F.3d 820, 823 (8th Cir. 2000). His convictions and sentences on the remaining counts were affirmed. Id.

## II.     Motion to Reduce Sentence

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010." Id. Section 2 of the Fair Sentencing Act of 2010 reduced the statutory mandatory

minimum penalties for offenses involving cocaine base by raising the drug

quantity threshold required to trigger a mandatory minimum term of

imprisonment.

> A court considering a motion for a reduced sentence under § 404 of the
> First Step Act proceeds in two steps. First, the court must decide whether
> the defendant is eligible for relief under § 404. Second, if the defendant is
> eligible, the court must decide, in its discretion, whether to grant a
> reduction.

United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).

Defendant argues he is entitled to relief pursuant to Section 404 of the First

Step Act because his conviction on the CCE count involved the distribution of

crack cocaine. Defendant further argues that he is entitled to relief pursuant to §

608(c) of the First Step Act and the holdings in Miller v. Alabama, 567 U.S. 460

(2012) and Graham v. Florida, 560 U.S. 48 (2010) because he was 16 years old at

the time of the commission of counts 1 and 2.

### A.     Defendant Convicted and Sentenced as an Adult

In Miller v. Alabama, the Supreme Court held that "the Eighth

Amendment forbids a sentencing scheme that mandates life in prison without

possibility of parole for juvenile offenders." Miller v. Alabama, 132 S. Ct. 2455,

2469 (2012). The Court found that a mandatory life sentence for juveniles was

unconstitutional because it did not allow the sentencing court to consider that children are constitutionally different from adults for purposes of sentencing.

As set forth in the Third Superseding Indictment, Count 1 charged "From on or about January 1, 1992, the exact date being unknown, to the present [the Third Superseding Indictment was filed on May 12, 1998], in the State and District of Minnesota and elsewhere, the defendants Robert George Jefferson and Yolanda Dean each aiding and abetting the other, knowingly and intentionally engaged in a continuing criminal enterprise . . . " (Doc. No. 676.)  The conspiracy count covered the same time period.  (<u>Id.</u>)

Defendant's date of birth is April 28, 1975.  Thus, at the beginning of the charged conspiracy Defendant was 16 years old.  However, the Third Superseding Indictment alleges that Defendant engaged in overt acts and committed individual counts of drug trafficking dated August 6, 1996 and later[1]. In August 1996, Defendant was 21 years old.  The Eighth Circuit has held that a defendant convicted and sentenced for conspiratorial conduct that extended into his adult years was not sentenced as a juvenile offender and not entitled to the

---

[1] <u>See</u> Counts 2, 8, 10-14.

protections set forth in <u>Miller v. Alabama</u>.  <u>Wright v. United States</u>, 902 F.3d 868, 872 (8th Cir. 2018).

As to the murder counts, Defendant was not a juvenile when the murders were committed.  Londwea Brown was killed on February 12, 1994.  The Coppage children were killed on February 28, 1994.  On those dates, Defendant was almost 19 years old.

Defendant further references Section 608(c) of the First Step Act, which defines "youth" as a prisoner who was 21 years of age or younger at the time of the commission of the criminal offense for which the individual is serving a term of imprisonment.  However, such definition is used with regard to a pilot program that provides mentorships to youths and has no application here.  <u>See United States v. Melendez</u>, __ F. Supp.3d __, 2021 WL 1518742 (D. Minn. Apr. 16, 2021) (finding the defendant not entitled to relief under Section 608 of the First Step Act "because he conflates the legal term 'juvenile' with the word 'youth' in Section 608, which relates to mentorship programs in Bureau of Prisons facilities. He has not demonstrated that the First Step Act altered the legal definition of 'juvenile' and thus expungement of his record pursuant to Section 608 is unwarranted.").

The government further points out that every circuit to consider the issue has held that the protections in <u>Miller v. Alabama</u> do not apply to a defendant who is 18 years or older at the time of the offense.  <u>See</u> <u>United States v. Sierra</u>, 933 F.3d 95, 97 (2d Cir. 2019) (finding the Supreme Court has drawn the constitutional line at the age of 18 for mandatory minimum life sentences); <u>United States v. Dock</u>, 541 F. App'x 242, 245 (4th Cir. 2013) (because defendant was 20 years old at the time of the offense, he was not entitled to protections in <u>Miller v. Alabama</u>); <u>United States v. Chavez</u>, 894 F.3d 593, 609 (4th Cir. 2018) (refusing to apply <u>Miller v. Alabama</u> in case where defendants were 18 and 19 years old); <u>In re Frank</u>, 690 F. App'x 146 (5th Cir. 2017) (even though defendant was a juvenile at the time some of the murders for which he was convicted took place, defendant not entitled to relief under <u>Miller v. Alabama</u> because he was an adult at the time other murders for which he was convicted took place); <u>United States v. Marshall</u>, 736 F.3d 492, 498-500 (6th Cir. 2013) (finding the protections of <u>Miller v. Alabama</u> do not apply to a defendant that is 18 years or older); <u>Melton v. Florida Dep't of Corr.</u>, 778 F.3d 1234, 1237 (11th Cir. 2015) (same).

Accordingly, the Court finds that Defendant is not entitled to relief under <u>Miller v. Alabama</u>.

**B.      Concurrent Sentencing Doctrine**

"The concurrent sentence doctrine allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.'"  Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019) (citation omitted).  Also, the Eighth Circuit has repeatedly affirmed a district court's reliance on the concurrent sentence doctrine.  In United States v. Oslund, the defendant was sentenced to a life sentence for murder and a separate life sentence for being a felon in possession of a firearm, as well as a concurrent twenty-year sentence on a robbery conviction.  944 F.3d 743, 745 (8th Cir. 2019). The defendant brought a challenge to his felon in possession conviction and sentence after the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015).  Even though the district court had determined that it relied on the residual clause to apply the ACCA enhancement, the district court applied the concurrent sentencing doctrine and declined to review the validity of the sentence on the felon in possession conviction.  Id. at 745-46.  On appeal, the Eighth Circuit rejected defendant's claim that he was entitled to a full resentencing because had the district court known the statutory maximum for

the felon in possession conviction was ten years, he would have received a lesser sentence on the murder conviction. Id. at 746. "The record belies [defendant's] argument, however, for the sentencing court clearly expressed its intent that [defendant] never be released from prison." Id. The Eighth Circuit found the district court committed no error in applying the concurrent sentencing doctrine "[i]n light of the life sentence imposed on count 2 and the sentencing court's specific statements that [defendant] remain in prison for life." Id. See also Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019) (affirming district court's application of concurrent sentence doctrine); Smith v. United States, 930 F.3d 978, 980-81 (8th Cir. 2019) (same).

Because Defendant's convictions and sentences on the murder counts are valid, and there is no indication in the record that the Court would have imposed a different sentence on the murder counts, the government argues this Court should exercise its discretion and decline to review Defendant's challenge to his CCE count under the First Step Act.

The Court finds that applying the concurrent sentencing doctrine in this case is warranted. Even if the Court were to sentence Defendant to a lesser sentence on the CCE count under the First Step Act, it would not reduce his life

sentence on the murder counts – which involved the deaths of five, innocent young children, the youngest of which was 2 years of age and the oldest 11 years of age.  See United States v. Parker, 993 F.3d 595, 606 (8th Cir. 2021) (declining to review concurrent life sentence on count 2 because the conviction and life sentence on count 1 was valid and a ruling in defendant's favor on count 2 would not reduce the time served on count 1).

Accordingly, the Court declines to review Defendant's challenge to his sentence on the CCE count.

IT IS HEREBY ORDERED that Defendant's Motion for a Sentence Reduction [Doc. No. 1817] is DENIED.

Date:   May 2, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court