UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                         MEMORANDUM OPINION
AND ORDER
Crim. No. 97-276 (2) (MJD)

Robert George Jefferson,

      Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorneys, Counsel for Plaintiff.

Defendant, *pro* se.

---

This matter is before the Court on Defendant's Motion to reconsider the Court's Order dated May 26, 2021 denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Section 404 of the First Step Act. [Doc. No. 1822]

**I.**      **Motion to Reduce Sentence**

In his motion to reduce his sentence, Defendant argued he is eligible for relief pursuant to § 404 of the First Step Act because his conviction on the continuing criminal enterprise ("CCE") count involved the distribution of crack cocaine and that his sentence on that count would be lower under § 404.

1

Defendant further argues that he is entitled to relief pursuant to § 608(c) of the First Step Act and the holdings in Miller v. Alabama, 567 U.S. 460 (2012) and Graham v. Florida, 560 U.S. 48 (2010) because he was 16 years old at the time of the commission of counts 1 and 2.

The Court first rejected Defendant's arguments that he was entitled to relief under Miller and Graham, finding that he was an adult when he committed the offenses underlying his convictions.

Next, the Court declined to review his challenge to his sentence on the CCE count pursuant to the concurrent sentencing doctrine, which "allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.'" Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019) (citation omitted). Under this doctrine, even assuming that a defendant is eligible for relief under the First Step Act, the Court can exercise its discretion and decline relief where the sentence on a concurrent count – in this case the multiple murder counts – remained valid. See United States v. Oslund, 944 F.3d 743, 745 (8th Cir. 2019) (where defendant was sentenced to a life sentence for murder and a separate life sentence for being a felon in possession of

a firearm, district court did not commit error in applying concurrent sentencing doctrine where "sentencing court clearly expressed its intent that [defendant] never be released from prison."). See also United States v. Parker, 993 F.3d 595, 606 (8th Cir. 2021) (declining to review concurrent life sentence on count 2 because the conviction and life sentence on count 1 was valid and a ruling in defendant's favor on count 2 would not reduce the time served on count 1); Smith v. United States, 930 F.3d 978, 980-81 (8th Cir. 2019) (affirming application of concurrent sentencing doctrine).

This Court found that applying the concurrent sentencing doctrine was warranted in this case because "[e]ven if the Court were to sentence Defendant to a lesser sentence on the CCE count under the First Step Act, it would not reduce his life sentence on the murder counts – which involved the deaths of five, innocent young children, the youngest of which was 2 years of age and the oldest 11 years of age." (Doc. No. 1821 (Order at 8-9).)

## II. Motion for Reconsideration

The Eighth Circuit has not determined whether to import the civil standard for motions for reconsideration into the criminal context. United States v. Luger, 837 F.3d 870, 875-76 (8th Cir. 2016). That being said, in civil cases, a

motion for reconsideration serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence.  Id.

Defendant argues this Court did not allow him to file a reply brief and suggests the Court did not address his motion for an extension of time to file a reply prior to issuing its decision.  The record contains no motion for an extension of time to file a reply brief in this case.  Further, the Court allowed sufficient time for Defendant to file a reply – 34 days from the date the government filed its response - but no reply was filed.  Regardless, by allowing Defendant to file the instant motion for reconsideration, Defendant has been given the opportunity to present additional arguments to the Court, reducing any prejudice that may have occurred by his failure to file a reply brief.

Next, Defendant argues the Court committed legal error by not making the determination of whether he is eligible for relief under the First Step Act as set forth in United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).  Defendant further argues the Court erred in applying the concurrent sentencing doctrine, claiming it does not apply to a motion to reduce under § 404 of the First Step Act.

As set forth in this Court's May 26, 2021 Order, to determine whether a sentence reduction is warranted under the First Step Act, the Court must first

determine whether Defendant is eligible for relief under the First Step Act, and if so, whether the Court would exercise its discretion to grant a reduction. McDonald, 944 F.3d at 772.  In this case, however, the Court found that even assuming Defendant was entitled to relief under the First Step Act, and would reduce his sentence on the CCE count, the Court would not reduce his sentence on the murders counts.  (Doc. No. 1812 (Order at 8-9).)  Thus, under the concurrent sentence doctrine, the Court declined to review Defendant's challenge to his sentence on the CCE count.

Defendant has cited to no authority to support his argument that the Court cannot apply the concurrent sentencing doctrine when reviewing a motion to reduce sentence under the First Step Act.  In fact, other courts have applied the concurrent sentencing doctrine in response to a motion to reduce sentence under the First Step Act.  See United States v. Stuckey, No. 20-1565, 2021 WL 2470308 (6th Cir. Feb. 8, 2021) (finding the district court did not abuse its discretion in denying a motion for sentence reduction under the First Step Act based on the concurrent sentencing doctrine); United States v. Roane, Crim. No. 3:92cr68, 2020 WL 6370984 (E.D. Va. Oct. 29, 2020) (district court declined to exercise its discretion to reduce sentence pursuant to the concurrent sentencing doctrine,

denying motion to reduce sentence under the First Step Act). Accordingly, Defendant has not demonstrated that the Court's Order dated May 26, 2021 is based on a manifest error of law.

Therefore, based on the above, the record, files and proceedings herein,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration of the Order dated May 26, 2021 [Doc. No. 1822] is DENIED.

Date:   August 5, 2021

                                            s/Michael J. Davis  
                                            Michael J. Davis  
                                            United States District Court